IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES CURRY, JR.**                                                                      **PLAINTIFF**

**v.**                                                                                 **No. 1:20CV177-RP**

**CITY OF TUPELO POLICE DEPARTMENT**                                     **DEFENDANT**

**ORDER DISMISSING CASE**

        This matter comes before the court on the plaintiff's response to the court's order [6] for the plaintiff to show cause why this case should not be dismissed for failure to state a claim upon which relief could be granted. The plaintiff responded to the show cause order, largely reiterating and adding detail to his original claims. He claims that the manager of the Tupelo Candlewood Suites (with whom he was a guest) sent him to the nearby Holiday Inn to use the computer there, telling him that the two hotels were under the same management. According to Mr. Curry, when he arrived at the Holiday Inn, the staff there thought he was homeless and asked him to leave, and, after some discussion, he left. He went to a nearby store, and, when returning to his hotel, he was questioned by the police, who said someone at the Holiday Inn had called 911 about him. The clerk at Candlewood Suites told the police that Mr. Curry was a guest there – and that sometimes they give their guests permission to use the computer at the Holiday Inn. The police tried to question Mr. Curry to investigate the 911 call, telling him to put his hands behind his back. He refused.

        He spoke with the officers, and one said, "put your hands behind your back." Mr. Curry did not do so, saying, "For what?" When he did not comply with the officer's order, the officers took him down and pinned him, facedown, on the ground. Multiple officers pinned him down by kneeling on his shoulder and neck, making it hard for him to breathe. Other officers tried to cuff Mr. Curry's left leg and left arm together to restrain him, though it appears that they were unable to do so. As a

result of being pinned in this way, Mr. Curry had trouble breathing, and he felt pain in his neck and shoulder. Mr. Curry alleges that "7 to 10 officers" had responded to the call and that all of them assisted in some way to restrain him.

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395, n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). To state a claim of excessive force, a pretrial detainee must allege: (1) that the defendant had a "purposeful, knowing, or possible a reckless state of mind" as to his "physical acts – *i.e.*, his state of mind with respect to the bringing about of certain physical consequences in the world," and (2) that the defendant's intentional actions in the physical world were *objectively unreasonable*. *Id.* at 2472. Put another way, the plaintiff must allege that the defendant knowingly or purposefully use force – and that the force was objectively unreasonable. *Id*. at 2473. Objective reasonableness turns on the "facts and circumstances of each particular case," from the perspective of a reasonable officer at the scene, including what that officer knew at the time – and without the crystal clarity of hindsight. *Graham*, 490 U.S. at 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A single incident of force or a single blow is *de minimis* and thus does not constitute excessive force. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

As discussed in the show cause order, these facts do not state a claim upon which relief could be granted. For some reason, Mr. Curry's behavior at the Holiday Inn caused the staff there to call 911, and the Police Department saw the need to dispatch seven to ten officers to handle the call. Officers came to investigate the 911 call; Mr. Curry refused to cooperate with them, and they physically subdued and restrained him. He suffered *de minimis* injury – pain in his neck and shoulder and difficulty breathing.

For the reasons set forth above, Mr. Curry's allegations do not state a constitutional claim, and, under the court's Show Cause Order [6], the instant case is **DISMISSED**.

**SO ORDERED**, this, the 16th day of November, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE